IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN DOUGLAS GEBHART, :
:
    Plaintiff : CIVIL NO. 3:CV-15-1687
:
v. :
: (Judge Conaboy)
:
RICHARD FUSCHINO, JR., :
:
    Defendant :

FILED
SCRANTON
OCT 13 2015
ᴘᴇʀ ___CJ?___
DEPUTY CLERK

## MEMORANDUM
### Background

    Steven Douglas Gebhart, an inmate presently confined at the Laurel Highlands State Correctional Institution, Somerset, Pennsylvania (SCI-Laurel Highlands) initiated this pro se civil rights action. The Plaintiff subsequently filed a request for leave to proceed in forma pauperis. See Doc. 5. The Complaint is currently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(b). For the reasons that follow, Plaintiff's action will be dismissed without prejudice.

    Named as sole Defendant is Attorney Richard Fuschino, Jr. Gebhart describes the Defendant as having served as his privately retained criminal defense attorney. The Plaintiff states that he was initially convicted of deceptive business practices, theft by deception and corrupt organizations on November 17, 2010 following

a jury trial in the York County Court of Common Pleas. On February 4, 2011, he was sentenced to a 52 to 104 month term of imprisonment.

Gebhart indicates that he was also convicted of insurance fraud on November 3, 2011 following a jury trial in the York County Court of Common Pleas. Plaintiff was sentenced on December 21, 2011 to a 9 month to 5 year consecutive term of incarceration.

According to the Complaint, the Defendant purportedly abandoned Gebhart and engaged in fraud during the February 4, 2011 sentencing hearing. See Doc. 1, p. 1. It is also alleged that the Defendant was thereafter negligent in filing an appeal on behalf of Gebhart. See id. It is further asserted that the Defendant acted improperly by withdrawing pre-trial motions on March 30, 2010. See id. at p. 3. Plaintiff seeks compensatory and punitive damages.

## Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904

F.2d 192, 194 (3d Cir. 1990) (quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)).

**Injunctive/Declaratory Relief**

It is initially noted that this same Defendant and allegations were included in a companion habeas corpus petition filed by Plaintiff which is also presently pending before this Court.

Inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1975). The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus. See <u>Georgevich v. Strauss</u>, 772 F.2d 1078, 1086 (3d Cir. 1985).

The United States Supreme Court in <u>Edwards v. Balisok</u>, 520 U.S. 641, 646 (1997), similarly concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. <u>Id</u>. at 646. Based on the reasoning announced in <u>Georgevich</u> and <u>Edwards</u>, Plaintiff's present claims of being provided with ineffective assistance by Attorney Fuschino which led to an unconstitutional criminal conviction(s) and any related requests to have his criminal conviction overturned are not properly raised in a civil rights complaint. Accordingly, any such claims will be dismissed without prejudice to any right Plaintiff may have to pursue such arguments via his pending federal habeas

corpus petition.

**Monetary Damages**

The United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994), ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whole unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

As previously noted, Gebhart's action raises claims that he was provided with ineffective assistance by the Defendant, his defense attorney, which led to his state criminal conviction(s). Based on the nature of Plaintiff's allegations, a finding in his favor would imply the invalidity of his ongoing state confinement. There is no indication that Gebhart has successfully appealed or otherwise challenged his state criminal convictions.

Consequently, pursuant to Heck, Plaintiff's instant Complaint to the extent that it seeks an award of monetary damages on the basis of illegal conviction and confinement is premature because he cannot maintain a cause of action for an unlawful conviction or an excessive imprisonment until the basis for the conviction and imprisonment is overturned.

**State Actor**

A plaintiff, in order to state an actionable § 1983 civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

It is well-settled that public defenders and court appointed counsel do not act under color of state law for purposes of § 1983 when performing a traditional lawyer's functions to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 318 n. 7 (1981); Black v. Bayer, 672 F.2d 309, 320 (3d Cir.), cert. denied, 459 U.S. 916 (1982). Rankine v. Server, 2001 WL 322517 (E.D. Pa. Feb. 13, 2001)(defense counsel does not act under color of state law); Figueroa v. Clark, 1992 WL 122872 (E.D. Pa. June 1, 1992)(a court appointed attorney represents only his client and not the state).

The claims raised against Attorney Fuschino are solely based upon any actions he took while acting as Plaintiff's privately retained criminal defense counsel. Under the standards announced in Groman, Polk and Black, the Defendant was not acting under color of state law for purposes of § 1983 with respect to any claims regarding his performance as Plaintiff's criminal defense counsel.

5

As such, there is no basis for § 1983 liability against the Defendant.

**Conclusion**

Since Gebhart's's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. <u>Wilson</u>, 878 F.2d at 774. An appropriate Order will enter.

/s/ _____
RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 9th, 2015